NO. 07-06-0375-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 8, 2006
_____

ESEQUIEL GARCIA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-404,974; HONORABLE CECIL PURYEAR, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Esequiel Garcia, Jr., acting *pro se*, seeks to appeal an order entered in trial court cause number 2004-404,974 in the 137th District Court of Lubbock County. The record from the trial court demonstrates cause number 2004-404,974 was dismissed on April 7, 2005, when appellant was re-indicted under cause number 2005-408,683.[1] This opinion addresses the appeal from trial court cause number 2004-404,974.

_____

[1]The case proceeded in the trial court under cause number 2005-408,683 and appellant was convicted of Retaliation. That conviction is the subject of a separate appeal in cause number 07-06-00417-CR.

Appellant filed his notice of appeal with the trial court on September 20, 2006. His notice of appeal does not specify the action of the trial court from which he appeals. From the record before us, however, it appears that any appealable order in the cause would of necessity have been rendered on or before April 7, 2005, when the cause was dismissed. Appellant's notice of appeal thus was due no later than May 9, 2005.[2] TEX. R. APP. P. 26.2. Thus, appellant's notice of appeal was filed over a year after the last possible due date and is untimely. If an appeal is not timely perfected, a court of appeals has no jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Appellant's failure to timely file a notice of appeal prevents this court from having jurisdiction over the appeal. *Id*. Accordingly, the appeal is dismissed for want of jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996); TEX. R. APP. P. 43.2(f).

James T. Campbell
Justice

Do not publish.

---

[2] No post-trial motion appears from the record before us. Even if such a motion had been filed, extending the time to perfect appeal, appellant's notice of appeal still would be untimely. TEX. R. APP. P. 26.2(a).